Van Wyck, J.
This is an appeal from an order denying a motion to have the complaint made more definite and certain.
The plaintiff, a child of five years, alleges that while she was in the act of crossing Sackett street on the crosswalk, the driver of a one-horse street car so negligently and carelessly managed his team that the horse knocked her down and injured her.
This is certainly a plain and concise statement of the •facts constituting her cause of action, as required by Code Civil Pro., § 481. The defendant insists that under section *720 546 the court should compel her to state what act of commission. or omission of the driver was negligent. The meaning and application of the allegation are definite and certain, it distinctly states negligence in the management and control of the team, viz.: That the driver brought his horse in contact with this plaintiff when by the exercise of ordinary care he could have prevented it. Plaintiff could not furnish in her pleadings more information in relation to the fact thus set forth, unless she pleaded the evidence, by which she expects to prove this fact. This is never desirable; the form of this complaint is to be commended.
If the defendant makes out a case in which he is entitled to the evidence or parts of it, it ought to appeal to the provisions o£ the Code allowing the examination of a party before trial or compelling the party to furnish a bill of particulars.
We see no reason for disturbing the discretion of the court below exercised in denying the motion of defendant. Reardon v. N. Y. C. Co., 50 N. Y. Supr. Ct. Rep., 514.
Order should be affirmed, with ten dollars costs and disbursements.
Clement, P. J., concurs.